IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE MASON, | ) |
| Plaintiff, | ) Case No. 2:19-cv-00973-CB |
| v. | ) Judge Cathy Bissoon |
| LOWE'S COMPANIES, INC.; LOWE'S HOME CENTERS, LLC; TIM STRATTON; JOE BECTON; STEPHANIE MILLER; JOHN P. MORONE; AND ANDREA DEJOHN, | ) *Electronically Filed* |
| Defendants. | ) |

**DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**

Defendants Lowe's Companies, Inc., Lowe's Home Centers, LLC, Tim Stratton, Stephanie Miller, John P. Morone, and Andrea DeJohn move to compel Plaintiff Michelle Mason to submit her claims against Defendants to arbitration and, in support thereof, state the following:

1. Lowe's hired Mason in 2012 and, in October, she became a store manager at its store located in Cranberry, PA.  Am. Compl., ECF No. 25, ¶¶ 11, 12, 20.

2. On March 20, 2018, in connection with Mason's continued employment with Lowe's and her participation in the 2018 Manager Bonus Program, Mason entered into an Agreement to Arbitrate disputes ("Arbitration Agreement") with Lowe's.  A true and accurate copy of the Arbitration Agreement is attached to the Declaration of Natalie League as Ex. 1, and also attached to Mason's Amended Complaint as Ex. 2.

3. The Arbitration Agreement provides, in pertinent part,

**Agreement to Arbitration Disputes**

In exchange for the mutual promises in this Agreement, your continued employment by Lowe's Home Centers, LLC and its successors or assigns (hereinafter "Lowe's"), and your participation in the 2018 Manager Bonus Program

applicable to your job title, **you and Lowe's agree that any controversy between you and Lowe's (including any agents of Lowe's and any of Lowe's predecessors, including but not limited to Lowe's Home Centers, Inc. and Lowe's HIW, Inc.) arising out of your employment or termination of your employment shall be settled by binding arbitration**, (at the insistence of either you or Lowe's conducted by a single arbitrator under the current applicable rules, procedures and protocols of JAMS Inc. ("JAMS") or the American Arbitration Association ("AAA"), as may be amended from time to time . . . .

THIS AGREEMENT TO ARBITRATE DISPUTES MEANS THAT, EXCEPT AS PROVIDED HEREIN, THERE WILL BE NO COURT OR JURY TRIAL OF DISPUTES BETWEEN YOU AND LOWE'S WHICH ARISE OUT OF YOUR EMPLOYMENT OR THE TERMINATION OF YOUR EMPLOYMENT. . . .

**This Agreement to Arbitrate Disputes is intended to be broad and to cover, to the extent otherwise permitted by law, all such disputes between you and Lowe's including but not limited to those arising out of federal and state statutes and local ordinances, such as: Title VII of the Civil Rights Act of 1964, as amended**; the Civil Rights Act of 1866; the Sarbanes-Oxley Act of 2002; the Equal Pay Act; the Fair Labor Standards Act; the Pregnancy Discrimination Act; the Family and Medical Leave Act; the Americans with Disabilities Act; the Fair Credit Reporting Act; and any similar federal, state and local laws . . . .

You and Lowe's agree that this Agreement to Arbitrate Disputes shall apply to all positions you may hold as an employee of Lowe's . . . .

*Id.* (all caps in original; additional emphasis added); *see also* Am. Compl., Ex. 2.

4. Notwithstanding her Agreement to Arbitrate Disputes, Mason filed suit against Defendants on August 8, 2019, alleging various claims under 42 U.S. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. § 955(a), (d) &(e), arising out of her employment with Lowe's. *See* Compl., ECF No. 1. After Lowe's filed a Motion to Compel Arbitration (ECF No. 20), Plaintiff filed an Amended Complaint (ECF No. 25), which is substantively the same as the original Complaint and contains the same counts—all of which are subject to arbitration.

5. Accordingly, in light of Mason's Arbitration Agreement, Mason should be compelled to arbitrate all her claims against Lowe's set forth in her Amended Complaint, which

arise out of her employment with Lowe's or the termination thereof. The grounds for this Motion are fully set forth in the brief filed contemporaneously herewith.

6. In the interest of efficiency and judicial economy, Lowe's requests a dismissal, or in the alternative, a stay of all proceedings pending resolution of this Motion.

**WHEREFORE**, Defendants requests that the Court compel Mason to pursue her claims against through arbitration under the terms and conditions of her Arbitration Agreement.

Date: November 22, 2019

Respectfully submitted,

*s/ Ryan J. Wilk*
Michael E. Truncellito
michael.truncellito@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Telephone: 215-665-8700
Fax: 215 664-8760

Ryan J. Wilk
ryan.wilk@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-1410
Telephone:  412-562-8800
Fax:  412-562-1041

*Attorneys for Defendants Lowe's Companies, Inc., Lowe's Home Centers, LLC, Tim Stratton, Stephanie Miller, John P. Morone, and Andrea DeJohn*